WILLIAM M. CONVERSE *vs.* ERASTUS BRAINERD AND OTHERS.

Where a vessel transporting freight as a common carrier was run into in the night by a steamer and sunk, and the freight lost, and those in charge of her had not used ordinary care in guarding against such an accident, it was held, in a suit brought by the owner of the freight against the owners of the vessel for the value of the freight lost, that it was no defense that the persons in charge of the steamer were guilty of negligence in the management of the steamer.

MOTION in error from a judgment of the superior court. The facts, which were specially found by the superior court, are sufficiently stated in the opinion.

*Dutton* and *C. C. Tyler*, for the plaintiffs in error.

*Lippitt* and *E. Perkins*, for the defendant in error.

ELLSWORTH, J.   The defendants undertook, as common carriers by water, to transport for the plaintiff a certain quantity of salt from New York to Norwich.   Their vessel, with the salt on board, reached the entrance of New London harbor, where she was obliged to stop and anchor, it being very dark and foggy.   She anchored directly in the channel of the harbor, and, to guard against accidents as far as possible, her captain caused lights to be placed in the rigging,

and a watch was set on deck.   The steamer Worcester, in coming down from Norwich on her regular trip to New York, ran into the vessel and sunk her with her cargo, whereby the salt was wholly lost.   Much evidence was introduced before Judge Sanford, who tried the cause without a jury, upon the point which party was in fault in the collision.   After a protracted hearing, the judge found that there was no negligence in the Worcester, unless possibly her speed, (ten miles an hour,) might be too great, considering the time and place, but as to this being negligence in the steamer, he did not positively find one way or the other; and, as to the defendants, he found that there was clear negligence or want of ordinary care, by reason of which the vessel and the salt were lost.   The language of the judge upon this point is very decided.   " Had there been, (he says,) at all times after the defendants' vessel came to anchor, on her deck, a watchman of ordinary intelligence and vigilance, acquainted with his position and his duties, the Worcester could not have approached so near as to have endangered her safety, without being discovered by such watchman in time to have prevented the collision, either by the display of lights which would have been seen, or by the making of noises which would have been heard, on the Worcester; and so the disaster would have been averted."

The only answer that is attempted to be given by the defendants' counsel to the fact thus found, is, that the Worcester was also in fault, by going at too high a speed.   Perhaps she was; but how does that excuse the want of ordinary care in the defendants?   That most certainly is inexcusable ; for the defendants, to whom the salt was entrusted, were obliged, *under all circumstances* and *at all times*, to use due diligence in the transportation of it. The improper or negligent conduct of others does not discharge them from this duty or in the slightest degree relieve them ; not even if the owners of the Worcester could have been sued and compelled to pay the whole loss.   We do not know certainly that they were liable at all.   Upon the finding they would not seem to be, unless a further fact

is proved, to wit, that the speed of the steamer was imprudent and unreasonable, and she therefore in fault; but on the facts found the defendants certainly are liable.

There is not the slightest foundation for the doctrine contended for by the defendants' counsel, that the want of ordinary care in some third party or stranger, as the Worcester in this case, excuses the defendants from ordinary care in transporting the plaintiff's property, if by ordinary care it may be saved from destruction. The situation in which the defendants' vessel was placed at the time of the collision, if it was unavoidable, as is claimed, may well be, and it doubtless was, taken into consideration by Judge Sanford, in deciding whether the defendants were chargeable with the carelessness supposed, or that their carelessness was the cause of the loss. If it was, there is nothing in the case that can save the defendants from liability to pay the plaintiff his just damages.

This is the only point of law, as we view the case, which is presented to us for a review. Many other points have been spoken of, but they are mere questions of fact, conclusively settled below, and can not be brought up here for revision.

There is no error.

In this opinion the other judges concurred; except Sanford, J., who, having tried the case in the court below, did not sit.

Judgment affirmed.